**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1157
_____

FRANK NELLOM,
Appellant

v.

POLICE AND FIRE FEDERAL CREDIT UNION; CHAIRMAN ANTHONY
LAROSA; VICE CHAIRMAN JAMES CUNNINGHAM; TIMOTHY J. HAGGERTY;
JOHN LAROSA, President and chief operating officer; JAMES DUKE, President and
chief retail officer; LISA GIRDHARRY; KELLY ANN MORTON; KEVIN M. GRECO,
Vice President consumer loan mgr; STEVEN J. MOSER, Senior underwriter; STEVE
BERNHARDT, SR., Consumer loan underwriter

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. E.D. Pa. Civil Action No. 2:25-cv-06386)
District Judge: Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed April 22, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Frank Nellom appeals pro se the District Court's order dismissing his amended complaint. We will affirm.

Nellom sued the Police and Fire Federal Credit Union and a number of its employees and/or associates, alleging he was unlawfully denied credit in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. and Cons. Stat. § 201-1 *et seq.* The District Court granted Nellom leave to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it without prejudice for failure to state a claim. In its memorandum opinion, the District Court provided the elements of both ECOA and UTPCPL claims to afford Nellom the opportunity to sufficiently plead his claims in an amended complaint. Even with this guidance, Nellom's amended complaint did not provide sufficient facts to support his claims. Instead, Nellom merely alleged that Defendants approved him for a secured credit card with a $500 credit limit at 18% interest, and that advertising credit "to people to make them pay for credit" was deceptive and constituted unfair methods of competition. Considering these vague allegations, the District Court dismissed Nellom's

2

amended complaint with prejudice, concluding that further amendment would be futile. Nellom timely appealed.[1]

On appeal Nellom raises one issue only, asserting that the District Court erred in finding that the ECOA does not protect him "against paying for credit." Nellom does not explain how the District Court erred, however, and we conclude that it did not. To state an ECOA claim, Nellom must allege that he (1) belongs to a protected class; (2) applied for credit; (3) was qualified to receive credit; and (4) was nonetheless denied. *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010). As the District Court explained, Nellom has not made allegations that meet the standard; at most he merely alleges that he applied for credit.

Accordingly, we will affirm the District Court's judgment.[2]

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Nellom's amended complaint. *See Dooley v. Wetzel*, 957 F.3d 366, 373 (3d Cir. 2020). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[2] We will not consider issues related to Nellom's UTPCPL claims because he does not raise them in his opening brief. *See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief).